SUMNER BIGELOW *vs.* HARDING G. WOODWARD & anothei.

A surety for the maker of a promissory note, at whose request an action has been com
menced on the note by the holder, is not estopped to appear and defend the action.

Upon the trial of an action on a promissory note, in which the defendant alleges that
the consideration for the note was the compounding of a felony, and introduces the
record of a magistrate showing the discontinuance of a complaint for felony against
the maker, the plaintiff cannot introduce evidence that the district attorney had advised
the magistrate that the testimony for the government was insufficient to sustain the
prosecution.

ACTION OF CONTRACT upon a promissory note. Answer,
want of consideration, fraud, duress, and that the note was
given in consideration of the compounding of a felony.

At the trial in the superior court, before *Vose*, J., it appeared
upon the cross-examination of Lucius Nims, one of the de-
fendants, that he was a surety upon the note in suit; that
the action was commenced upon his express request to the
plaintiff's counsel that it should be brought and Woodward's
property attached for his benefit, because Woodward had failed
to secure him in accordance with a promise made at the time
of his becoming surety on the note; and that Woodward had
fulfilled his promise since the commencement of the action.
There was no evidence that Nims ever countermanded his
request, or informed the plaintiff's counsel of Woodward's ful-
filment of his promise. The plaintiff requested the court to
instruct the jury that, under these circumstances, Nims was
estopped to set up the defences stated in the answer; but the
court refused so to rule.

The defendants introduced evidence tending to show that the
consideration of the note in suit was, in whole or in part, an
agreement by the plaintiff that a prosecution for felony, insti-
tuted against Woodward by Sarah C. Bigelow, should be
dropped; and that the prosecution was in fact discontinued a
few days after the note was given, as appeared by the record of
the magistrate before whom it had been instituted.

The plaintiff then offered to prove that, before the discontinu-
ance of that prosecution, the district attorney had been applied

to by the magistrate for advice, and had advised him that all the evidence which could be produced by the government was not sufficient to sustain the charge of felony. But the court rejected the evidence.

The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*C. Allen*, for the plaintiff.

*W. Griswold*, for the defendants, was stopped by the court.

MERRICK, J. It must be assumed, upon the statement of facts reported in the bill of exceptions, that the only consideration of the note declared on was the composition and settlement of a public prosecution against Woodward, one of the defendants, for a felony alleged to have been committed by him. It appears that this suit was commenced at the express request of Nims, and for his benefit, in order that the property of Woodward might be attached upon the writ, and the surety thereby saved from danger of loss. The validity of this defence, if established, is not denied by the plaintiff; but he insists that by the request of Nims to commence the suit he is estopped from setting up that or any other defence to the action.

This position cannot be maintained. An estoppel precludes a party from denying the truth of an assertion or admission which he has made to another, and thereby led him to adopt a line of conduct which he would otherwise have avoided, and which has been in some way productive of ill consequences to him. 1 Greenl. Ev. § 22. 4 Kent Com. (6th ed.) 261 note. 2 Smith's Lead. Cas. (4th Amer. ed.) 467. There is no doubt about the principle, but it has no application to the present case. The defendant Nims does not deny that he requested the plaintiff to institute this suit; nor is the propriety or regularity of its commencement or the manner in which it has been carried on been in any way doubted or denied. The defence rests upon grounds wholly independent of these circumstances; and therefore, as no attempt was made by the defendant to prove or establish any items inconsistent with the fact that he had requested the plaintiff to commence and prosecute this suit, there was no occasion for the application of the doctrine

of estoppel, nor any basis of fact shown to exist upon which it could be availed of.

The evidence offered by the plaintiff was very properly rejected; for it is of no consequence what opinion the district attorney entertained or expressed upon the subject. The only question in the case was whether the note in suit was given upon and in consideration of a composition and settlement of a public prosecution for an alleged felony. If this fact was proved, the note was invalid, and its contents could not be recovered, whatever was the opinion of the public prosecutor; and the question of fact was to be determined by the jury, upon all the evidence submitted to them in relation to it. This appears to have been the course pursued upon the trial.

*Exceptions overruled.*